IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARA KOZAK, formerly known as    )
SARA LEMKE and SARA AZZALINE,   )
                                 )
            Plaintiff,           )
                                 )
    vs.                          )
                                 )
PIONEER CREDIT RECOVERY, INC.,   )
                                 )
            Defendant.           )

## COMPLAINT

### INTRODUCTION

1.Plaintiff Sara Kozak brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pioneer Credit Recovery, Inc. ("PCR").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and state law.

2.The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5.The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff is an adult individual who resides in the Northern District of Illinois.

10. Defendant PCR is a Delaware corporation which does business in Illinois. Its principal offices are located at 256 Edward St., Arcade, NY 14009. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

11. PCR is engaged in the business of a collection agency, using the mails and telephone to collect allegedly delinquent consumer debts originally owed to others.

12. PCR holds a collection agency license from the state of Illinois.

13. PCR is a debt collector as defined in the FDCPA.

## FACTS

14. Defendant has been attempting to collect from plaintiff an alleged student loan debt. Any such debt is incurred for personal purposes.

15. In early December 2016, a representative of PCR using the name "Barbara" called plaintiff's mother for the purpose of collecting the debt. She informed plaintiff's mother that the call was from PCR and provided the "reference number" of the loan. Plaintiff's mother

informed plaintiff of the call on December 8, 2016.

16. On or about December 19, 2016, a representative of PCR using the name "Jennifer Mack Williams" left a message with plaintiff's brother that plaintiff should return a call regarding a "personal business matter" to 877-215-2920, a number that is used by PCR. The message included the reference number of the loan.

17. On information and belief, defendant placed other calls to plaintiff's family members.

18. Defendant is well aware of plaintiff's address and telephone number, having contacted her repeatedly directly.

19. Plaintiff was embarrassed and aggravated by these communications.

20. Plaintiff spent time and money dealing with defendant's communications to third parties.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-20.

22. Defendant violated 15 U.S.C. §1692c by communicating with third parties about the debt.

23. Section 1692c provides:

**§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

**           (d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

24. Section 1692b, referred to in §1692c, provides:

**§ 1692b.     Acquisition of location information [Section 804 of P.L.]**

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**

**(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(2)     not state that such consumer owes any debt;**

**(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4)     not communicate by post card;**

**(5)     not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6)     after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.**

25.     The term "location information" is defined in 15 U.S.C. §1692a(7) and "means a consumer's place of abode and his telephone number at such place, or his place of employment."

26.     Defendant had that information regarding plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

   a.     Statutory and actual damages;

   b.     Attorney's fees, litigation expenses and costs of suit;

   c.     Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

27.     Plaintiff incorporates paragraphs 1-20.

28.     Defendant is a "collection agency" as defined in the Illinois Collection Agency

Act, 225 ILCS 425/1 et seq.

29. Defendant violated the following provisions of 225 ILCS 425/9(a):

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

30. Defendant violated the following provisions of 225 ILCS 425/9.2:

> **. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

31. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs;

    c. Such other and further relief as is appropriate.

## COUNT III – CONSUMER FRAUD ACT

32. Plaintiff incorporates paragraphs 1-20.

33. Defendant engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by communicating with plaintiff's relatives in a manner prohibited by Illinois and federal law, and calculated to embarrass and aggravate plaintiff. The type of conduct described above is commonly known in the collection industry as a "block party."

34. Defendant engaged in such conduct in the course of trade and commerce.

35. Defendant engaged in such conduct for the purpose of obtaining money from

plaintiff.

WHEREFORE, paintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a.    Actual damages;

    b.    Punitive damages;

    c.    An injunction against further violation;

    d.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other or further relief as the Court deems proper.


        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

*Sara Kozak*
Sara Kozak

## **NOTICE OF LIEN AND ASSIGNMENT**

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                             /s/ Daniel A. Edelman
                             Daniel A. Edelman