IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SARA KOZAK, | ) | |
|     Plaintiff, | ) | 17-cv-318 |
| v. | ) | Judge Sara L. Ellis |
| PIONEER CREDIT RECOVERY, INC., | ) | Magistrate Judge Mary M. Rowland |
|     Defendant. | ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS**

1.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154, 161 (1979), held that a private right of action exists to enforce §9 of the ICAA, 225 ILCS 425/9. The plaintiff in *Sherman*, as in this case, sued under §9 of the ICAA for the repeated harassing phone calls.

2.  A district court "ought to deviate from [*Sherman's*] holdings only when there are persuasive indications that the highest court of the state would decide the case differently." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087–88 (7th Cir. 2016). The "persuasive indications" cited by Judge Castillo in *Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *17 (N.D. Ill. Mar. 30, 2017)—a case that is settling and will not be reviewed by an appellate court—are Illinois circuit court opinions that declined to follow *Sherman*, *id*. at *17 n.14, but in the context of violations of the ICAA's licensure provisions under §4 of the ICAA, 225 ILCS 425/4, for which there is a limited express right of action in 225 ILCS 425/14a. As stated in *Galvan v. NCO Fin. Sys., Inc.*, No. 11 C 3918, 2016 WL 792009, at *2 (N.D. Ill. Mar. 1, 2016), "*Sherman* dealt with another portion of the ICAA more amenable to private enforcement than the licensure provision at issue in this case."

3.  *Eul* itself is also not directly on point because the allegations in it were based on violations of the ICAA's prohibition on "interfer[ing] with the professional relationship between the attorney and the creditor," 225 ILCS 425/8a-1, and only indirectly on §9. *Eul*, 2017 WL 1178537, at **12, 16.

1

4. Illinois courts and federal courts have repeatedly recognized the existence of a private right of action. *See, e.g. Kim v. Riscuity, Inc.*, 96 C 1585, 2006 WL 2192121 (N.D. Ill., July 31, 2006); *Trull v. GC Services LP*, 961 F.Supp. 1199, 1206-07 (N.D. Ill. 1997); *Grant-Hall v. Cavalry Portfolio Services, LLC*, 856 F.Supp.2d 929, 940-41 (N.D. Ill. 2012); *McLaughlin v. LVNV Funding, LLC*, 971 F.Supp.2d 796, 799-800 (N.D. Ill. 2013).

5. Since *Sherman*, the Illinois legislature has amended the ICAA on multiple occasions. It is presumed to be aware of how courts construed its enactments. Amendment or reenactment without changing the construction signifies legislative approval of the statute as previously construed. *People ex rel. Klaeren v. Village of Lisle*, 316 Ill.App.3d 770, 782, 737 N.E.2d 1099 (2d Dist. 2000). Furthermore, a statute of limitations provision has been added, 225 ILCS 425/9.5, which supports the continued existence of a private right of action.

6. *Eul* cites DFPR's authority to take action for violations of §9 as evidence that the legislature did not intend a private right of action, but DFPR's authority existed at the time of *Sherman*, 392 N.E.2d at 160, and the *Sherman* court still implied a private right of action. Also, while the adoption of the Administrative Review Law provides an avenue for *debt collectors* to seek administrative review in the instances where DFPR is moved to take action against them, 225 ILCS 425/26, it provides no avenue of redress for a *debtor* harmed by a violation of §9.

7. Illinois continues to be more liberal than federal law regarding an implied private right of action, finding it appropriate where: "(1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute." *Metzger v. DaRosa*, 209 Ill. 2d 30, 36, 805 N.E.2d 1165, 1168 (2004).

For the foregoing reasons, the Court should follow the holding in *Sherman* and hold that there is a private right of action under §9 of the ICAA.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 16, 2017, I caused a true and accurate copy of the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which will be served on all counsel of record via the CM/ECF system.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman